1                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
2

3

4
THE UNITED STATES OF AMERICA, )
5                             )         CASE NUMBER
              PLAINTIFF,      )    07-60027-CR-ZLOCH
6                             )
    VS.                       )
7                             )
EMMANUEL ANTONIO, ET AL,      )         THIS VOLUME:
8                             )         PAGES 1 - 18
              DEFENDANT.      )
9   _____)

10

11

12          TRANSCRIPT OF SENTENCING HAD BEFORE THE HONORABLE

13   WILLIAM J. ZLOCH, IN FORT LAUDERDALE, BROWARD COUNTY,

14   FLORIDA, ON WEDNESDAY, APRIL 1, 2009, IN THE ABOVE-STYLED

15   MATTER.

16

17
APPEARANCES:
18
FOR THE GOVERNMENT:   ELLEN COHEN, A.U.S.A.
19
FOR THE DEFENDANTS:   BRUCE M. LYONS,
20                    JON A. MAY, AND
                      J. DAVID BOGENSCHUTZ, ESQS.
21

22
                    CARL SCHANZLEH
23              OFFICIAL COURT REPORTER
                  U. S. COURTHOUSE
24            299 E. BROWARD BLVD., 202B
              FORT LAUDERDALE, FLORIDA 33301
25                  954 769-5488

 1  (FORT LAUDERDALE, BROWARD COUNTY, FLORIDA;  WEDNESDAY,

 2  APRIL 1, 2009, IN OPEN COURT.)

 3          THE COURT:  GOOD MORNING.  PLEASE BE SEATED.

 4          CALLING CASE NUMBER 07-60027-CRIMINAL, UNITED

 5  STATES OF AMERICA VERSUS EMMANUEL ANTONIO.

 6          COUNSEL, WOULD YOU NOTE YOUR APPEARANCES.

 7          MS. COHEN:  GOOD MORNING, YOUR HONOR.  ELLEN COHEN

 8  ON BEHALF OF THE UNITED STATES, AND AT COUNSEL TABLE WITH ME

 9  IS DEA DIVERSION INVESTIGATOR PHYLLIS GARRETT.

10          THE COURT:  GOOD MORNING.

11          MR. LYONS:  GOOD MORNING, YOUR HONOR.  BRUCE LYONS

12  FOR THE DEFENDANT EMMANUEL ANTONIO.

13          THE COURT:  GOOD MORNING.

14          LET THE RECORD REFLECT THAT EMMANUEL ANTONIO IS

15  PRESENT AND IN THE COURTROOM.

16          CAN I HAVE THE REPRESENTATIVE FROM THE PROBATION

17  OFFICE NOTE HER APPEARANCE.

18          THE PROBATION OFFICER:  GOOD MORNING, YOUR HONOR.

19  TRACY WEBB WITH U.S. PROBATION.

20          THE COURT:  GOOD MORNING.

21          WAS THERE A FACTUAL PROFFER, A WRITTEN FACTUAL

22  PROFFER WITH RESPECT TO MR. ANTONIO WHEN HE ENTERED HIS

23  PLEA?

24          MS. COHEN:  I DON'T BELIEVE WE HAD ONE SIGNED AT

25  THAT POINT, YOUR HONOR.  I THINK THAT MR. ANTONIO WAS THE

```
 1  FIRST DEFENDANT TO ENTER HIS PLEA, AND I HAVE BEEN TRYING TO
 2  PREPARE ONE AND I DON'T RECALL THAT THAT WAS ACTUALLY
 3  ENTERED ON THE RECORD AS A WRITTEN STIPULATED PROFFER.
 4            THE COURT:  SO THEN I WOULD ASK HAVE ASKED FOR THE
 5  GOVERNMENT TO PROFFER THE FACTS TO COURT.
 6            MS. COHEN:  THAT IS CORRECT, YOUR HONOR, YOU WOULD
 7  HAVE.  IT WOULD HAVE BEEN SIMILAR IF NOT IDENTICAL TO WHAT I
 8  PROFFERED TO THE COURT AS TO MR. ANTONIOU, AND I THINK AT
 9  THAT POINT WE DID HAVE A --
10            THE COURT:  NO, THERE WAS NO WRITTEN FACTUAL
11  PROFFER AS TO MR. ANTONIOU EITHER.
12            MS. COHEN:  I THINK WHAT HAD HAPPENED WAS WE TRIED
13  TO PREPARE IT AND COULDN'T GET IT DONE IN TIME SO I DID AN
14  ORAL PROFFER BUT THEY WOULD HAVE BEEN VERY SIMILAR, YOUR
15  HONOR.
16            THE COURT:  WELL, I DO NOT HAVE A TRANSCRIPT OF THE
17  PLEA COLLOQUY OR THE FACTUAL PROFFER THAT THE GOVERNMENT PUT
18  FORTH UNLESS YOU HAVE IT.
19            MS. COHEN:  YOUR HONOR, I HAVE THE TRANSCRIPT OF
20  MR. ANTONIOU'S PLEA COLLOQUY.  I DO NOT HAVE ONE AS TO
21  MR. ANTONIO.
22            THE COURT:  SO I DO NOT KNOW WHAT MR. ANTONIO -- I
23  DO NOT KNOW THE FACTS THAT WERE PROFFERED BY THE GOVERNMENT
24  TO THE COURT TO WHICH MR. ANTONIO AGREED WITH OR DISAGREED
25  WITH.
```

1      MS. COHEN:  WELL, YOUR HONOR, THE FACTS OF THE CASE

2  AS THE COURT I KNOW HAS PROBABLY REVIEWED WOULD APPEAR IN

3  THE PRESENTENCE REPORT WHICH HAS BEEN PRESENTED TO THE

4  COURT, AND THERE HAVE BEEN NO OBJECTIONS TO THE FACTS THAT

5  WERE PRESENTED IN THAT PRESENTENCE REPORT BY MR. ANTONIO.

6  OTHER THAN THAT WE WOULD HAVE TO CONTINUE THIS IF THE COURT

7  WANTED THE ACTUAL STATEMENT OF THE GOVERNMENT TO THE COURT

8  TO BE TRANSCRIBED BY THE COURT REPORTER.  I DO NOT HAVE

9  THAT.

10      THE COURT:  WELL, YOU WOULD AGREE THAT THE STANDARD

11  THAT IS APPLICABLE IS THAT HE WAS ACTING IN ACCORDANCE WITH,

12  OR WOULD YOU SAY THAT MR. ANTONIO WOULD BE AN AIDER AND

13  ABETTER.

14      MS. COHEN:  THAT IS CORRECT, YOUR HONOR.

15      THE COURT:  SO THAT HE WAS ACTING IN ACCORDANCE

16  WITH THE STANDARD OF MEDICAL AND/OR PHARMACY PRACTICE

17  GENERALLY RECOGNIZED AND ACCEPTED IN THE UNITED STATES AND

18  FOR A LEGITIMATE MEDICAL PURPOSE, CORRECT?

19      MS. COHEN:  I WOULD SAY THAT, YOUR HONOR, THAT I

20  THINK THAT IS THE LAW OF THE CASE.

21      THE COURT:  AND, SO DID THE GOVERNMENT PROFFER

22  SUFFICIENT FACTS TO SHOW THAT MR. ANTONIO VIOLATED THE

23  STANDARD?  AND, SEE THAT IS THE PROBLEM.  YOU DO NOT KNOW

24  BECAUSE YOU DO NOT HAVE THE FACTS THAT WERE PROFFERED AT THE

25  TIME OF THE PLEA.

 1                MS. COHEN:  ALL I CAN TELL YOU, YOUR HONOR, AS BEST

 2    AS I CAN RECOLLECT AND BASED UPON THE PSI, IS THAT WE WOULD

 3    HAVE PROFFERED THAT -- THAT MR. ANTONIO, AS TO THAT STANDARD

 4    THAT THERE WAS NO FACE-TO-FACE MEETING, AND CONSEQUENTLY NO

 5    RELATIONSHIP, NO PHYSICIAN/PATIENT RELATIONSHIP BETWEEN THE

 6    ORDERER, AND THE APPROVING PHYSICIAN, AS WAS OUR THEORY

 7    THROUGHOUT THE TRIAL THAT WE SAT THROUGH.  IT WOULD HAVE

 8    BEEN ON THE SAME THEORY THAT THE GOVERNMENT WENT FORWARD ON,

 9    AND I DON'T THINK IT WOULD HAVE BEEN ANY MORE THAN THAT.

10                THE COURT:  SO WHAT ABOUT THE SECOND PRONG THEN?

11                MS. COHEN:  WELL, YOUR HONOR, THE QUESTION

12    BECOMES -- FIRST OF ALL, IF I CAN JUST -- I DON'T WANT TO

13    TAKE A LOT OF THE COURT'S TIME.  I UNDERSTAND WHAT THE COURT

14    IS ASKING ME IN TERMS OF WAS IT WITHIN THE USUAL STANDARD OF

15    MEDICAL CARE AND WAS IT FOR A LEGITIMATE MEDICAL BASIS.

16                THE COURT:  RIGHT.

17                MS. COHEN:  LET ME JUST SUGGEST TO YOU A COUPLE OF

18    THINGS, YOUR HONOR, AND I AM NOT TRYING TO AVOID YOUR

19    QUESTION.

20                THE COURT:  NO, I UNDERSTAND.  GO AHEAD.

21                MS. COHEN:  THE COURT WILL RECALL THAT THERE WAS AT

22    LEAST ONE OR MORE OTHER DOCTORS OTHER THAN THE DOCTORS WHO

23    WERE ON TRIAL, INCLUDING DR. BARON WHO PLED GUILTY TO THESE

24    CHARGES.  AND WE INDICATED THAT -- I KNOW DURING THE PROFFER

25    THE COURT WAS AWARE OF DR. BARON, AND IN FACT DR. BARON PLED

1   BEFORE THE COURT.

2            I RECOGNIZE THE ISSUES AS RELATE TO DR. MILLETTE

3   AND DR. AHLAWAT HAVING TESTIFIED BEFORE THE COURT.  IN TERMS

4   OF THAT, WITH DR. BARON BEING AS PART OF THE CONSPIRACY, AS

5   WELL AS THE PHARMACY DIRECT RX WHOSE OWNERS ALSO PLED

6   GUILTY, WHO WE ALSO WOULD HAVE INDICATED AND THE COURT WOULD

7   HAVE BEEN AWARE OF, THE COURT COULD FIND THAT WE DID MEET

8   THAT PRONG GIVEN THEIR ADMISSIONS OF GUILT AND THE

9   DISCUSSIONS AS TO THEM WITHOUT REGARD TO THE OTHER

10  INDIVIDUALS WHO WE WENT THROUGH TRIAL ON.

11            I JUST RAISE THAT TO THE COURT.  I KNOW WHAT

12  HAPPENED AT TRIAL AND I DON'T NEED, I KNOW, GO BACK OVER

13  THAT WITH THE COURT, YOU WERE HERE AS LONG AS I WAS.

14            THE COURT:  BUT THIS ISSUE WAS NOT COVERED AT THE

15  TIME THAT THOSE OTHER INDIVIDUALS WERE SENTENCED.

16            MS. COHEN:  WELL, YOUR HONOR --

17            THE COURT:  I DIDN'T RAISE THESE ISSUES.

18            MS. COHEN:  YOU DID NOT RAISE THESE ISSUES, THAT IS

19  CORRECT, NOR DID THE GOVERNMENT, NOR DID THE DEFENSE FOR

20  THAT MATTER.

21            THE COURT:  RIGHT.

22            MS. COHEN:  SO --

23            THE COURT:  I MEAN, THAT IS -- I CANNOT BE

24  CONCERNED ABOUT THEM AT THIS POINT IN TIME.

25            MS. COHEN:  AND I UNDERSTAND THAT, YOUR HONOR.

1           THE COURT:  BUT I CAN BE CONCERNED ABOUT THESE

2   DEFENDANTS AND GOING FORWARD -- I MEAN, I AM STILL REQUIRED

3   AT THE TIME OF SENTENCING TO ACKNOWLEDGE WHETHER OR NOT I

4   WILL ACCEPT THE TERMS AND CONDITIONS OF THE PLEA AGREEMENT.

5           MS. COHEN:  YES, YOU ARE, YOUR HONOR, AND I

6   RECOGNIZE WHAT YOU ARE ASKING ME.

7           THE COURT:  AND IF THERE IS -- IF THE SECOND PRONG

8   IS NOT MET --

9           MS. COHEN:  YOU KNOW, YOUR HONOR, ONE OF THE THINGS

10  I WAS THINKING ABOUT, AND I'M NOT QUIBBLING WITH THE COURT

11  OVER THIS, AND I THINK I UNDERSTAND WHAT THE COURT IS

12  SUGGESTING.  NOT BEING COMPLETELY -- THE QUESTION, AND THE

13  ONE THAT I HAVE ASKED MYSELF THROUGHOUT AFTER THIS WAS ALL

14  OVER IS, IS THAT A -- ARE THE TWO PRONGS NECESSARILY

15  REQUIRED TO BE PROVEN OR ARE THEY IN THE CONJUNCTIVE OR THE

16  DISJUNCTIVE.  AND THERE HAVE BEEN SUGGESTIONS THAT IT IS IN

17  THE DISJUNCTIVE AS OPPOSED TO THE CONJUNCTIVE.

18          THE COURT:  BUT THAT IS FROM THE CASE LAW.

19          MS. COHEN:  RIGHT.  AND IF THEY ARE IN THE

20  DISJUNCTIVE --

21          THE COURT:  SO WHO IS GOING TO CHANGE THE WORDING

22  FROM THE CASE LAW?

23          MS. COHEN:  YOUR HONOR, I AM CERTAINLY NOT GOING TO

24  CHANGE THE WORDING FROM THE CASE LAW.  I DON'T HAVE THAT

25  ABILITY NOR THAT POWER.  ALL I'M SUGGESTING TO YOU IS

1  ANOTHER VIEW.  I UNDERSTAND WHERE THE COURT IS GOING WITH

2  THIS, AND I CAN'T MAKE ANY FURTHER ARGUMENT.

3           THE COURT:  NO, I UNDERSTAND AND I APPRECIATE YOUR

4  CANDIDNESS.  I APPRECIATE YOUR CANDIDNESS, AND I

5  UNDERSTAND -- MR. LYONS, YOU DID NOT SIT THROUGH THE TRIAL.

6           MR. LYONS:  FORTUNATELY FOR ME I DID NOT, YOUR

7  HONOR.

8           THE COURT:  BUT ARE YOU CLEAR ON WHERE THE COURT IS

9  HEADING WITH RESPECT TO ALL OF THIS OR NOT?

10          MR. LYONS:  IN ALL CANDOR NOT TOTALLY TO BE CANDID

11  WITH THE COURT.

12          THE COURT:  NO, THAT IS ALL RIGHT BECAUSE THIS IS

13  THE FIRST TIME YOU HAVE HEARD THIS.

14          MR. LYONS:  YES, YOUR HONOR.

15          THE COURT:  RIGHT.

16          MS. COHEN:  CAN WE PUT IT BLUNTLY ON THE RECORD SO

17  MR. LYONS DOES UNDERSTAND, YOUR HONOR?

18          THE COURT:  I AM SURE HE DOES.

19          THE STANDARD, MR. LYONS, IS WHAT I JUST READ.  THAT

20  HE OR SHE WAS ACTING IN ACCORDANCE WITH THE STANDARD OF

21  MEDICAL AND/OR PHARMACY PRACTICE GENERALLY RECOGNIZED AND

22  ACCEPTED IN THE UNITED STATES AND FOR A LEGITIMATE MEDICAL

23  PURPOSE.

24          OBVIOUSLY YOUR CLIENT IS NOT A DOCTOR, HE IS NOT A

25  PHARMACIST SO HE WOULD BE CONSIDERED AN AIDER AND ABETTER

 1  WITH RESPECT TO THE VIOLATION OF THIS STANDARD.  BUT THE TWO

 2  PRONGS OF THE STANDARD STILL HAVE TO BE SATISFIED WITH

 3  RESPECT TO YOUR CLIENT EVEN THOUGH HE IS CONSIDERED AN AIDER

 4  AND ABETTER.  THIS BECAME MUCH CLEARER AS THE TRIAL

 5  PROGRESSED, AND IT BECAME EVEN MORE CLEAR THROUGH CLOSING

 6  ARGUMENTS.

 7        SO I DO NOT KNOW -- IF YOU WANT A CONTINUANCE SO

 8  THAT YOU CAN DISCUSS THIS FURTHER WITH YOUR CLIENT AND WITH

 9  THE GOVERNMENT, YOU KNOW, I WILL PERMIT THAT.  BUT I HAVE A

10  DUTY -- I MEAN, I JUST CANNOT SIT HERE AND SAY, "OKAY.  HE'S

11  GUILTY.  LET'S GO AHEAD AND SENTENCE HIM, SEND HIM AWAY."

12        MR. LYONS:  YOUR HONOR, I APPRECIATE THAT.  AND

13  AGAIN, I ONLY GOT SNIPPETS OF THE SEVEN OR EIGHT-WEEK TRIAL

14  WHEN I WOULD SEE PEOPLE ON A FRIDAY IN THE STATE COURTHOUSE

15  AND RUMORS THAT I HEARD, AND TO THE EXTENT JUST TO BE SAFE

16  AT LEAST SO THAT I'M NOT INEFFECTIVE AT LEAST FOR PURSES OF

17  THE DEFENDANT --

18        THE COURT:  SURE.

19        MR. LYONS:  -- PROBABLY OUGHT TO ORDER AT LEAST MY

20  CLIENT'S CHANGE -- I MEAN THE CHANGE OF PLEA SO WE CAN

21  REVIEW IT AND I HAVE AN OPPORTUNITY TO TALK TO THE

22  GOVERNMENT AND TO MY CLIENT ON THIS SUBJECT MATTER.

23        THE COURT:  AND TAKE A LOOK AT IT AND, YOU KNOW,

24  TALK WITH THE GOVERNMENT.

25        MS. COHEN:  I HAVE NO OBJECTION TO SUCH A

1 | CONTINUANCE.  I WOULD RAISE ANOTHER ISSUE SINCE WE ARE HERE.

2 | THE COURT:  SURE.  GO RIGHT AHEAD.

3 | MS. COHEN:  EFFECTIVELY WHAT THE COURT IS

4 | SUGGESTING, AND I WANT TO PUT THIS IN THE BEST LIGHT I CAN,

5 | COULD DETERMINE HOW WE WERE TO HANDLE THE FOUR THAT WERE

6 | DISMISSED WITH PREJUDICE BASED ON WHAT THIS COURT IS SAYING.

7 | AND IT ALMOST SOUNDS TO ME, AND I REALLY DON'T WANT TO SPEAK

8 | OUT OF SCHOOL, BUT IT ALMOST SOUNDS TO ME LIKE WHAT THE

9 | COURT IS SAYING AND SUGGESTING IS THAT WERE THE COURT TO

10 | THINK ABOUT THE MATTER AGAIN A RULE 29 MIGHT HAVE BEEN

11 | APPROPRIATE IN THIS CASE.

12 | THE COURT:  THAT IS A FAIR OBSERVATION.

13 | MS. COHEN:  AND IF THAT IS THE SITUATION, IF THE

14 | COURT WERE TO ENTER THAT KIND OF AN ORDER, AND I'M NOT

15 | SUGGESTING THAT'S --

16 | THE COURT:  I UNDERSTAND.

17 | MS. COHEN:  -- ON THE COURT'S MIND, BUT IF THE

18 | COURT WERE TO ENTER THAT KIND OF ORDER THAT WOULD

19 | EFFECTIVELY FORECLOSE ANY APPEAL THE GOVERNMENT MIGHT HAVE

20 | TAKEN, OR MIGHT TAKE AS TO THOSE FOUR WHO WERE DISMISSED

21 | DURING THE COURSE OF TRIAL, AND WOULD EFFECTIVELY RESOLVE

22 | THE ISSUE AS TO THE OTHER FOUR WHO OBTAINED A MISTRIAL AS A

23 | RESULT OF JUROR MISCONDUCT AND ESSENTIALLY WOULD, IF YOU

24 | WILL, CLOSE OUT THIS MATTER.

25 | THE COURT:  WELL, AND I APPRECIATE YOUR

1   OBSERVATION.  BUT WHAT I DO NOT KNOW AND I HAVE NOT

2   RESEARCHED THIS, AND THIS IS A FIRST.  BUT WHAT I DO NOT

3   KNOW IS WHETHER OR NOT THE COURT WOULD HAVE THE AUTHORITY TO

4   NOW THAT A MISTRIAL HAS BEEN DECLARED WITH RESPECT TO THE

5   JUROR CONDUCT, THAT IS THE MISTRIAL I AM TALKING ABOUT.

6            MS. COHEN:  YES, YOUR HONOR.

7            THE COURT:  NOW THAT HAS BEEN DECLARED I DO NOT

8   KNOW THAT THE COURT HAS THE AUTHORITY -- I MIGHT HAVE, I

9   JUST DO NOT KNOW THE ANSWER TO THE QUESTION -- TO GO BACK

10  AND RECONSIDER OR REVISIT ANY RULE 29 MOTIONS THAT WERE

11  MADE.

12           MS. COHEN:  PERHAPS THE COURT MIGHT IF IT WERE

13  OFFERED TO THE COURT AS A BENCH TRIAL BASED UPON THE

14  TRANSCRIPT AS IT EXISTS.

15           THE COURT:  WELL, I MEAN, THAT IS SOMETHING THAT

16  THE LAWYERS WOULD HAVE TO DECIDE UPON.  I CANNOT COMMENT ON

17  THAT.

18           MS. COHEN:  I UNDERSTAND THAT.  I'M JUST TRYING TO

19  THINK OUT LOUD ABOUT WAYS TO RESOLVE THE CASE.

20           THE COURT:  RIGHT.  SO, I MEAN, THE LAWYERS MIGHT

21  RESEARCH THE ISSUE AS TO WHETHER OR NOT ONCE A MISTRIAL IS

22  GRANTED WHETHER THE COURT CAN GO AND REVISIT A RULE 29

23  ISSUE.

24           MS. COHEN:  IN ALL CANDOR, THE GOVERNMENT MAY HAVE

25  SOME OTHER ETHICAL RESPONSIBILITIES OF ITS OWN UNDERSTANDING

 1 WHAT'S GOING ON THAT WE ARE GOING TO WANT TO REVIEW.

 2          THE COURT:  I UNDERSTAND.

 3          MS. COHEN:  I DON'T WANT THE COURT TO THINK THAT I

 4 WOULD BE TRYING TO TOSS IT BACK AT THE COURT WITHOUT OUR OWN

 5 REVIEW.

 6          THE COURT:  NO, I UNDERSTAND.  I UNDERSTAND THAT

 7 YOU HAVE INDIVIDUALS ABOVE YOURSELF WHO HAVE TO MAKE THAT

 8 DECISION.  I UNDERSTAND THAT.

 9          MS. COHEN:  BUT I JUST -- I AM TRYING TO BE CLEAR

10 ABOUT WHERE WE ARE AT AND WHAT IS GOING ON WITHOUT ASKING

11 THE COURT FOR AN ADVISORY OPINION.

12          THE COURT:  BUT I WILL GRANT THE -- MR. LYONS, YOU

13 ASK FOR A CONTINUANCE?

14          MR. LYONS:  YES, YOUR HONOR.

15          THE COURT:  AND I ALSO NOTE THAT MR. MAY IS PRESENT

16 FOR THE NEXT SENTENCING, WHICH WOULD BE FOR E.V.A. GLOBAL.

17          MR. MAY, WOULD YOU JUST NOTE YOUR APPEARANCE

18 PLEASE, SIR.

19          MR. MAY:  YES, YOUR HONOR.  JOHN MAY ON BEHALF OF

20 E.V.A. GLOBAL.

21          THE COURT:  AND THAT MR. BOGENSCHUTZ IS PRESENT ON

22 BEHALF OF MR. ANTONIOU FOR THE NEXT SENTENCE, AND MR. MAY IS

23 ALSO PRESENT AGAIN FOR TROPIC SPIRAL SYSTEMS.

24          MR. MAY:  YES, YOUR HONOR.

25          THE COURT:  MR. MAY, WOULD YOU NOTE YOUR APPEARANCE

1 ALSO ON BEHALF OF TROPIC SPIRAL.

2 MR. MAY: YES, SIR. JON MAY ON BEHALF OF TROPIC

3 SPIRAL SYSTEMS.

4 THE COURT: AND, MR. BOGENSCHUTZ, IF YOU WOULD NOTE

5 YOUR APPEARANCE.

6 MR. BOGENSCHUTZ: IF IT PLEASE THE COURT, YOUR

7 HONOR, DAVE BOGENSCHUTZ ON BEHALF OF THEOPHILOS ANTONIOU.

8 THE COURT: AND, GENTLEMEN, WOULD YOU JOIN IN A

9 REQUEST FOR A CONTINUANCE SO THAT YOU CAN PURSUE THIS MATTER

10 FURTHER?

11 MR. MAY: ABSOLUTELY, YOUR HONOR.

12 MR. BOGENSCHUTZ: SIMILARLY, JUDGE, WE WOULD JOIN

13 IN THE CONTINUANCE.

14 THE COURT: ALL RIGHT. THEN I WILL GRANT THE

15 MOTIONS FOR CONTINUANCE, THE ORE TENUS MOTIONS FOR

16 CONTINUANCE MADE ON BEHALF OF THE RESPECTIVE DEFENDANTS.

17 GO AHEAD AND GET YOUR TRANSCRIPTS, IF YOU DO NOT

18 ALREADY HAVE THEM, WITH RESPECT TO THE PLEA COLLOQUIES.

19 I WILL ENTER AN ORDER WITH RESPECT TO THE REMAINING

20 DEFENDANTS WHO RECEIVED THE MISTRIAL AS A RESULT OF THE

21 JUROR MISCONDUCT. I WILL ENTER AN ORDER ASKING COUNSEL TO

22 BRIEF THE ISSUE OF WHETHER OR NOT THE COURT CAN RECONSIDER A

23 RULE 29 MOTION EVEN THOUGH A MISTRIAL HAS BEEN GRANTED, IF

24 THE COURT HAD THE AUTHORITY TO DO THAT.

25 THEN IF THE COURT HAS THE AUTHORITY TO DO THAT THEN

 1 I WOULD SET THE MATTER FOR ADDITIONAL ARGUMENT JUST IN CASE

 2 ANYONE HAS ANYTHING ADDITIONAL TO ADD, BECAUSE I THINK

 3 REALLY WHAT HAPPENED WAS TO MOVE THE CASE ALONG I MADE SURE

 4 THAT THE RECORD REFLECTED THAT ALL COUNSEL AT TRIAL MADE

 5 THEIR RULE 29 MOTIONS AT THE CLOSE OF THE GOVERNMENT'S CASE

 6 IN CHIEF, AND THEN THOSE MOTIONS WERE RENEWED AT THE CLOSE

 7 OF ALL THE EVIDENCE AND I TOLD COUNSEL THAT THEY COULD THEN

 8 FILE IN WRITING THE BASIS FOR THEIR RULE 29 MOTIONS SO THEY

 9 WOULD HAVE THAT IN THE RECORD.

10          MS. COHEN:  YOU DID INDEED DO THAT.

11          THE COURT:  THAT IS HOW WE PROCEEDED.  SO THAT IS

12 HOW WE WILL PROCEED.

13          I AM GRANTING THE ORE TENUS MOTIONS FOR

14 CONTINUANCE.  I WILL ENTER AN ORDER GIVING COUNSEL TIME TO

15 BRIEF THE ISSUE AS TO WHETHER OR NOT THE COURT HAVING

16 GRANTED A MISTRIAL HAS THE AUTHORITY TO GO BACK AND

17 RECONSIDER ITS RULINGS WITH RESPECT TO RULE 29 MOTIONS THAT

18 WERE MADE, AND THEN IF I DO THEN WE WILL SET IT FOR

19 ADDITIONAL ARGUMENT AND THEN WE WILL GO FROM THERE.

20          MS. COHEN:  YOUR HONOR HAS SET THIS TRIAL NOW FOR

21 THE 13TH OF APRIL AS A TRIAL FOR THOSE FOUR.  COULD I SAFELY

22 ASSUME THAT THE COURT WOULD BE MOVING IT OFF THAT DATE?

23          THE COURT:  WELL, I NEED A -- THE DEFENDANTS ARE

24 ENTITLED TO THEIR 70 DAYS FROM THE DATE OF THE MISTRIAL, AND

25 I KNOW THAT THEY DO NOT WANT TO WAIT BUT I WOULD NEED TO --

1 | I DON'T HAVE THE AUTHORITY TO CONTINUE IT PAST THE 70 DAYS.

2 | MS. COHEN:  I UNDERSTAND THAT, BUT --

3 | THE COURT:  I WOULD NEED EITHER A MOTION TO

4 | CONTINUE OR WE WOULD HAVE TO RESOLVE THIS MATTER BEFORE THE

5 | END OF THE 70-DAY PERIOD.

6 | MS. COHEN:  I UNDERSTAND THAT, BUT I ASSUME THE

7 | COURT WOULD BE SETTING SOME TIME FOR A RESPONSE TO THAT

8 | ORDER, AND I DON'T BELIEVE THE 70 DAYS IS UP UNTIL I WANT TO

9 | SAY MAY 13TH OR THEREABOUTS.  MAY 10TH PERHAPS.

10 | THE COURT:  MAYBE COUNSEL CAN FILE A NOTICE JUST

11 | STATING WHEN THE 70-DAY PERIOD RUNS JUST SO I KNOW, AND THEN

12 | WE CAN TRY TO MOVE ON THIS BEFORE THE END OF THE 70-DAY

13 | PERIOD.

14 | ALL RIGHT.  ANYTHING ELSE FROM THE DEFENSE?

15 | MR. BOGENSCHUTZ:  NO, YOUR HONOR.

16 | THE COURT:  FROM THE GOVERNMENT IN THIS VERY

17 | INTERESTING MATTER.

18 | MS. COHEN:  I AM STILL LEFT WITH THE SITUATION OF

19 | THE OTHER FOUR AND HOW TO RESOLVE THAT, AND I AM NOT --

20 | THE COURT:  BUT YOU HAVE 60 DAYS TO APPEAL, RIGHT?

21 | MS. COHEN:  THIRTY DAYS FROM THE WRITTEN ORDER,

22 | YOUR HONOR.  AND I AM NOT PUSHING THE COURT TO ENTER AN

23 | ORDER.

24 | THE COURT:  BUT THE COURT -- I GRANTED THE

25 | MISTRIAL.  YOU HAVE 60 DAYS FROM THAT DATE.

```
 1            MS. COHEN:  NO, IT WOULD BE 30 DAYS.

 2            THE COURT:  FROM THAT DAY.

 3            MS. COHEN:  FROM THE WRITTEN ORDER, YOUR HONOR.

 4  THERE HAS TO BE A WRITTEN ORDER FROM OUR UNDERSTANDING OF

 5  THE LAW.  WE HAVE BEEN TOSSING THIS ONE BACK AND FORTH AS TO

 6  WHAT TO DO.

 7            THE COURT:  WELL, WHAT IF I NEVER ENTERED A WRITTEN

 8  ORDER, ARE YOU SAYING YOU WOULD NOT BE ENTITLED TO APPEAL?

 9            MS. COHEN:  THERE ARE SOME WHO WOULD ARGUE THAT.  I

10  AM NOT SAYING I WOULD ARGUE THAT, AND I'M NOT ENCOURAGING TO

11  ENTER A WRITTEN ORDER BY ANY STRETCH OF THE IMAGINATION.

12            THE COURT:  IF I DID NOT HAVE TO ENTER A WRITTEN

13  ORDER AND THE MATTER IS SIMPLY GOING TO --

14            MS. COHEN:  GO AWAY?

15            THE COURT:  -- GO AWAY --

16            MS. COHEN:  I UNDERSTAND.

17            THE COURT:  -- I WOULD PREFER NOT TO HAVE TO ENTER

18  A WRITTEN ORDER.

19            MS. COHEN:  -- I UNDERSTAND THAT, YOUR HONOR.

20            THE COURT:  I MEAN, IT WAS NOT A PLEASANT THING AND

21  I DO NOT WANT TO HAVE TO ENTER A WRITTEN ORDER IF I DO NOT

22  HAVE TO.

23            MS. COHEN:  I UNDERSTAND WHAT THE COURT IS SAYING.

24            THE COURT:  FOR THE BENEFIT OF OTHER PEOPLE, YOU

25  KNOW, NOT FOR THE BENEFIT OF THE COURT.
```

1        MS. COHEN:  I UNDERSTAND.

2        THE COURT:  THE COURT ENTERS ORDERS, BUT IF I DO

3  NOT HAVE TO ENTER AN ORDER FOR THE BENEFIT OF SOMEONE I

4  WOULD PREFER TO PROCEED IN THAT FASHION.

5        MS. COHEN:  YES, YOUR HONOR.  THANK YOU.

6        THE COURT:  ALL RIGHT.

7        ANYTHING ELSE THEN FROM THE GOVERNMENT?

8        MS. COHEN:  NO, JUST TO LET MR. SCHANZLEH KNOW THAT

9  I MIGHT NEED A TRANSCRIPT OF THIS HEARING TODAY.

10        THE COURT:  OKAY.  ANYTHING ELSE FROM THE DEFENSE?

11        MR. LYONS:  NO, YOUR HONOR.

12        MR. BOGENSCHUTZ:  NO, YOUR HONOR.

13        THE COURT:  ALL RIGHT, COUNSEL, TAKE IT EASY.

14        MR. LYONS:  THANK YOU, YOUR HONOR.

15                      - - -

16

17

18

19

20

21

22

23

24

25

1

2

3              C E R T I F I C A T E

4

5

6   UNITED STATES OF AMERICA

7   SOUTHERN DISTRICT OF FLORIDA

8

9

10      I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE

11  UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF

12  FLORIDA, DO HEREBY CERTIFY THAT THE FOREGOING 17 PAGES

13  CONSTITUTE A TRUE TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE

14  THE SAID COURT HELD IN THE CITY OF FORT LAUDERDALE, FLORIDA,

15  IN THE MATTER THEREIN STATED.

16      IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS

17  1ST DAY OF APRIL 2009.

18

19                      /S/CARL SCHANZLEH
                        CARL SCHANZLEH, RPR-CM
20                      OFFICIAL FEDERAL COURT REPORTER
                        299 EAST BROWARD BLVD., 202B
21                      FORT LAUDERDALE, FL  33301
                        TELEPHONE 954/769-5488
22

23

24

25